William E. HARDING

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation.

Civ. A. No. 10911.

United States District Court
W. D. Pennsylvania.

Jan. 16, 1957.

---

8. Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 P.S. § 31.

9. Fed.Rule Civ.Proc. rule 15(a), 28 U.S. C.A.

Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This proceeding involves a claim for damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Upon jury trial, a verdict was returned in favor of plaintiff in the amount of $7,500.

The immediate matter before the court relates to a motion for new trial by the defendant on two grounds:

(a) The trial court erred in its charge as to pain, suffering and inconvenience which the plaintiff might have suffered, past, present and in the period subsequent to trial.

(b) The verdict of the jury was excessive.

Upon most thorough review of the charge submitted, I am satisfied it was in accordance with law, and that the legal principles as submitted fairly, impartially and adequately presented the issues to the jury.

Plaintiff sustained two fractures of the big toe of his left foot, contusions and sprains of joints and ligaments of said foot, injuries to the nail and nail bed of said toe, and ligamentous sprain of the lumbar region of the back.

The accident occurred on August 18, 1952. Trial was held some four years thereafter. Medical treatment was required until March of 1953. Plaintiff was required to use crutches for some period of time, and unquestionably experienced pain, suffering and inconvenience. The extent and nature of said experience together with the period of time involved was presented solely for the determination by the jury.

Under all the circumstances I do not believe the jury acted capriciously or unreasonably, nor does the amount awarded for pain, suffering and inconvenience shock the conscience of the court.

In short, the amount returned by the jury for pain, suffering and inconvenience is not strong enough for the trial court to substitute its judgment for that of the jury.

Therefore, upon re-examination of the whole record and the charge of the court, I am satisfied the award was consistent with the law and the facts.

Motion for new trial is refused.

An appropriate Order is entered.